IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENNY KWAN NIMOY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 10-CV-704-GKF-PJC |
| ) | |
| **AVALON CORRECTIONAL** ) | |
| **CENTER, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

On November 2, 2010, Plaintiff, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). The complaint was not accompanied by the $350 filing fee. For the reasons discussed below, the complaint fails to state a claim upon which relief may be granted and is subject to dismissal. Before this action may proceed, Plaintiff shall be required to cure the filing fee defect and to file an amended complaint should he be able to cure the deficiencies identified herein.

**A.  Filing fee**

In order to commence a civil action in this Court, Plaintiff is required to submit a $350 filing fee. 28 U.S.C. § 1914. Plaintiff failed to pay the filing fee when he filed his complaint. Therefore, Plaintiff must either pay in full the $350 filing fee or, should he lack sufficient funds to prepay the filing fee, file a motion to proceed *in forma pauperis*. Should Plaintiff file a motion to proceed *in forma pauperis*, he shall provide the accounting information required by statute. Pursuant to 28 U.S.C. § 1915(a)(2), a "prisoner seeking to bring a civil action . . . without prepayment of fees . . . . in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period

immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." This information must be provided so that the Court can assess not only Plaintiff's ability to pay the filing fee but also his ability to pay an initial partial filing fee to be applied towards the filing fee should Plaintiff be allowed to proceed without prepayment of the full fee. See 28 U.S.C. § 1915(b). **Plaintiff is advised that even if he has insufficient funds to prepay the full $350 filing fee required to commence this action, he will nonetheless be responsible for full payment of the filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b)**. The Court finds that Plaintiff should be allowed thirty (30) days to either pay the full $350 filing fee or submit a motion to proceed *in forma pauperis*, including the required accounting information, or show cause in writing for his failure to do so.

**B. Complaint is subject to dismissal**

### 1. Dismissal standards

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The

generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**2. Plaintiff's complaint fails to state a claim upon which relief may be granted**

Plaintiff makes only a few statements in his complaint (Dkt. # 1). He alleges that upon being transferred to his new facility, the David L. Moss Criminal Justice Center, his old facility, Avalon Correctional Center, "gave all my personal property away without my permission." See Dkt. # 1. In support of his claim, he states only that "[t]here is no aknoledgement [sic] of mine giving permission to release my property." Id. In his request for relief, Plaintiff states "I believe I should be compisated [sic] for all funds invested in my property. Avalon should be financially responsible for giving my property away." Id.

Plaintiff fails to explain how Defendant's conduct violates the constitution. To the extent Plaintiff alleges he has been deprived of his property without due process, his claim is barred by the doctrine of Parratt v. Taylor, 451 U.S. 527 (1981), *overruled in part by* Daniels v. Williams, 474 U.S. 327 (1986). Under Parratt, a person deprived of property by a "random and unauthorized act"

3

of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." Parratt, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. See Hudson v. Palmer, 468 U.S. 517, 530-36 (1984).

In this case, Plaintiff does not allege that the deprivation was pursuant to any official policy. See Gillihan v. Shillinger, 872 F.2d 935, 939 (10th Cir. 1989) (finding that where the property deprivation is not random and unauthorized, but is pursuant to an established state policy, procedure, or custom, the availability of an adequate state post-deprivation remedy is irrelevant and does not bar a § 1983 claim). Taking Plaintiff's claim on its face, it does nothing more than state that someone without authorization either negligently or intentionally released his property. However, neither the negligent nor the unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. Hudson, 468 U.S. at 533; Parratt, 451 U.S. at 543-44; see also Smith v. Maschner, 899 F.2d 940, 943 (10th Cir. 1990). Oklahoma law provides adequate post-deprivation remedies. See, e.g., Okla. Stat. tit. 12, § 1571 (replevin); Okla. Stat. tit. 51, § 151-171 (Governmental Tort Claims Act); Harris v. Norvell, 982 F.2d 528, *2 (10th Cir. Dec. 11, 1992) (unpublished). Accordingly, Plaintiff has failed to identify any violation of his Fourteenth Amendment right to due process or any other constitutional violation. For that reason, his complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**3. Opportunity to amend**

4

For the reasons cited above, this 42 U.S.C. § 1983 action is subject to dismissal for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). However, should Plaintiff be able to clarify his claim or otherwise cure the deficiencies identified herein, he may file an amended complaint within thirty (30) days of the entry of this Order. Should Plaintiff fail to file an amended complaint by the deadline specified below, this action will be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or by **December 8, 2010**, Plaintiff shall either pay in full the $350.00 filing fee or file a motion to proceed *in forma pauperis* supported by the required certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint obtained from the appropriate official of each prison at which he is or was confined, or show cause in writing for his failure to do so.

2. The 42 U.S.C. § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

3. Unless Plaintiff files an amended complaint by the above-referenced deadline curing the deficiencies identified herein, this action will be dismissed for failure to state a claim.

4. The Clerk of Court is directed to send Plaintiff a blank motion for leave to proceed *in forma pauperis* (form AO-240), and a blank 42 U.S.C. § 1983 civil rights complaint (form PR-01) marked "amended," and both identified as Case No. 10-CV-704-GKF-PJC.

**Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.**

DATED THIS 8th day of November, 2010.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma